UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUDITH HANCOCK,

                          Plaintiff,

        v.

AETNA LIFE INSURANCE
COMPANY, et al.,

                          Defendants.

CASE NO. C16-1697JLR

ORDER ON MOTION TO
CONTINUE

## I.    INTRODUCTION

Before the court is Plaintiff Judith Hancock's motion to continue the remaining

pretrial deadlines and the trial date by 60 days.  (Mot. (Dkt. # 64).)  Defendants Aetna

Life Insurance Company ("Aetna"), The Boeing Company Employee Health and Welfare

Benefit Plan (Plan 503), and Employee Benefits Plans Committee (collectively,

"Defendants") oppose the motion.  (Resp. (Dkt. # 68).)  The court has considered the

*//*

motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court grants in part and denies in part the motion for the reasons set forth below.

## II. BACKGROUND

This case arises from Aetna's denial of long-term disability benefits ("LTD benefits") to Ms. Hancock. (*See* SAC (Dkt. # 24) ¶¶ 1.2, 4.40, 4.51.) In addition to a claim for LTD benefits, Ms. Hancock alleges that Defendants breached their fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (*Id.* ¶¶ 5.4, 5.6-5.18.)

On July 20, 2017, the court granted in part and denied in part Ms. Hancock's motion to compel and Defendants' motion for a protective order. (7/20/17 Order (Dkt. # 63) at 2.) Relevant to the instant motion, the court ordered Aetna to produce its "guidelines regarding LTD claims and appeals and hiring outside medical professionals to perform examinations and reviews," but only for "such policies that were in place during the evaluation of Ms. Hancock's claim and appeal." (*Id.* at 17.) Following the court's order, counsel for the parties discussed production of the relevant claims information and on August 23, 2017, Aetna produced 134 pages responsive to the request for Aetna's claims information. (*See* Mot. at 3-4; *see also* Crawford Decl. (Dkt. # 65) ¶¶ 2-13.) Then, after Ms. Hancock requested that Aetna admit or deny that it had produced all materials responsive to that request, on September 13, 2017, Aetna made a supplemental production of 190 pages. (Mot. at 5; Crawford Decl. ¶¶ 14-15.) The next

---

[1] None of the parties request oral argument, and the court determines that oral argument would not help its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

day, Ms. Hancock served additional discovery requests—two interrogatories and five requests for production—related to Aetna's 190-page supplemental production. (Reply (Dkt. # 70) at 1; Crawford Decl. ¶ 17; 2d Crawford Decl. (Dkt. # 71) ¶ 2.)

On September 14, 2017, Ms. Hancock moved to continue the remaining pretrial deadlines and trial date by 60 days. (Mot. at 1.) She contends that Aetna's supplemental production prompted her to request additional discovery. (*Id.* at 3-5; Reply at 1.) Because Ms. Hancock served that additional discovery on September 14, 2017, Aetna has until October 14, 2017, to respond to those new requests. (Mot. at 6); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Even though that date is well before the November 6, 2017, discovery cutoff (Sched. Order (Dkt. # 20) at 1), should Aetna object to the newly served discovery, Ms. Hancock may not be able to file an appropriate discovery motion because the deadline for doing so is October 6, 2017 (*id.*; Mot. at 6; Reply at 3). The court now addresses Ms. Hancock's request.

### III.   ANALYSIS

The Federal Rules of Civil Procedure provide that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the diligence of the party requesting the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Because Ms. Hancock has diligently sought discovery and to facilitate a reasonable schedule for resolution of this case, the court extends to October 18, 2017, the deadline for discovery motions related only to Ms. Hancock's September 14th discovery

//

requests.[2]  The deadline remains unchanged for any other discovery served before the cutoff.[3]

Despite this extension, the court strongly encourages the parties to resolve any dispute without seeking the court's intervention.  The court has already expended significant resources dealing with the parties' discovery disputes.  Nevertheless, should the parties be unable to resolve a dispute related to the September 14, 2017, discovery requests, the court will address the dispute pursuant to Local Civil Rule 7(i).  *See* Local Rules W.D. Wash. LCR 7(i).  The parties must file a joint statement of no more than five pages detailing the nature of the dispute and the applicable legal standards.  *See id.* ("[W]hat procedural requirements will be imposed[] and the type of relief granted are within the sole discretion of the court.").  If the court receives such a motion, it will then schedule a telephonic hearing.[4]

However, the court denies Ms. Hancock's motion to extend the other remaining pretrial deadlines, including the discovery cutoff, and the trial date by 60 days.  She has not shown good cause for doing so, and her request contravenes the court's usual practice

---

[2] The court notes that Defendants' opposition to extending any of the remaining pretrial deadlines—including the deadline for discovery motions—and the trial date relies heavily on the position that Ms. Hancock's most recent discovery is not proportional to the needs of the case and exceeds what the court has deemed permissible in an ERISA case.  (*See* Resp. at 1-4.)  The court cannot make that determination, however, on the record before it.

[3] Ms. Hancock does not "intend to serve any further written discovery in this action."  (2d Crawford Decl. ¶ 2.)

[4] As to the September 14, 2017, discovery requests only, the parties are not required to first request a conference with the court before filing their joint statement.  (*See* Sched. Order at 2.)  The court will consider a filing as described above to constitute such a request.

1  of declining short continuances of trial dates.  Accordingly, all other dates in the court's
2  scheduling order remain unchanged.

3  ## IV.  CONCLUSION

4  For the reasons set forth above, the court GRANTS in part and DENIES in part
5  Ms. Hancock's motion to continue (Dkt. # 64).  The court GRANTS a continuance of the
6  discovery motions deadline to October 18, 2017, for matters related to Ms. Hancock's
7  September 14, 2017, discovery requests only.  Although the court encourages the parties
8  to resolve any such dispute without resort to court intervention, if the parties seek the
9  court's intervention, they must do so by utilizing the procedure set forth in this order.
10  The court DENIES a continuance of the other pretrial deadlines and the trial date.

11  Dated this 3rd day of October, 2017.

JAMES L. ROBART
United States District Judge